UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-05837 BRO (SKx) | Date | September 22, 2017 |
|---|---|---|---|
| Title | SHEREE R. ROBERTS V. WASHINGTON MUTUAL BANK ET AL. | | |

| Present: The Honorable | **VIRGINIA A. PHILLIPS, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

*Pro se* Plaintiff Sheree R. Roberts ("Plaintiff") filed her Complaint in this Court on August 7, 2017. (Dkt. No. 1 (hereinafter, "Compl.").) In her Complaint, Plaintiff alleges causes of action against Washington Mutual Bank, FA; Washington Mutual Bank FA, U.S. Bank, NA as Trustee for Securitized Trust WAMU Mortgage Pass-Through Certificates 2000-WM2 Trust; Washington Mutual Bank, FA, Mortgage Electronic Registration System; Caliber Home Loans, Inc.; and Master Participation Trust and Quality Loan Service Corporation. (*See* Compl.) In Plaintiff's jurisdictional statement in her Complaint, Plaintiff fails to state an appropriate and specific basis for the Court's jurisdiction. (Compl. ¶ 1.)

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two primary bases for federal subject matter jurisdiction. The first is federal question jurisdiction. Title 28 section 1331 of the United States Code provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The second is diversity jurisdiction. Title 28 section 1332 of the United States Code provides, in relevant part, that a federal court has jurisdiction over an action involving citizens of different States where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Because Plaintiff does not allege any causes of action arising under the Constitution or the laws of the United States (*see generally* Compl.), Plaintiff must establish federal jurisdiction based upon diversity jurisdiction.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-05837 BRO (SKx) | Date | September 22, 2017 |
|---|---|---|---|
| Title | SHEREE R. ROBERTS V. WASHINGTON MUTUAL BANK ET AL. | | |

    The United States Supreme Court has interpreted the diversity jurisdiction statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Under section 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c). "The phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, also called the 'nerve center' of the corporation, typically found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). For purposes of diversity jurisdiction, a national bank is deemed to be a citizen "only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (holding that national banks are not also citizens of the state in which they maintain a principal place of business). The location of a national bank's main office is designated in the bank's articles of association. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). A state-chartered bank, on the other hand, is treated the same as a corporation when determining citizenship. *Id.* at 306; *see also Rouse*, 747 F.3d at 709 n.2. Accordingly, a state-chartered bank is deemed to be a citizen of its state of incorporation, as well as the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

    Plaintiff alleges that many of the Defendants "do[] business in the County of Los Angeles, State of California[,]" but fails to set forth the location of the main offices for those Defendants that Plaintiff identifies as national banks, or the state of incorporation or principal place of business for the other corporate Defendants. (*See* Compl.) Without this information, the Court cannot ascertain Defendants' citizenship for purposes of diversity jurisdiction.

    Additionally, Plaintiff does not allege her state of citizenship. For individuals, citizenship is determined by the place of domicile, not the state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Id*. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state for the purposes of diversity jurisdiction. *Id*. Plaintiff's only alleges that she is a resident of the County of Los Angeles, California (Compl. ¶ 2); however, as stated above, citizenship is not determined by residency for

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-05837 BRO (SKx) | Date | September 22, 2017 |
|---|---|---|---|
| Title | SHEREE R. ROBERTS V. WASHINGTON MUTUAL BANK ET AL. | | |

purposes of diversity jurisdiction. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff must allege the state in which she is domiciled in order for the Court to determine her citizenship.

Accordingly, the Court **ORDERS** Plaintiff to show cause, in writing, as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response to this Order shall identify:

- the main office location for those Defendants that Plaintiff identifies as national banks;
- the state of incorporation and the principal place of business for each of the corporate Defendants and those Defendants that are state-chartered banks; and
- Plaintiff's state of domicile.

Plaintiff's response **shall be filed by no later than Thursday, September 28, 2017, at 12:00 p.m. Failure to respond will result in the dismissal of this action.**

      **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |